IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,225-02






EX PARTE JONATHAN MARCUS GREEN









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 00-10-06435-CR(2) IN THE 221ST DISTRICT COURT

MONTGOMERY COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a stay
of execution.

 In July 2002, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Green v. State, No. AP-74,398 (Tex. Crim. App. Dec. 1, 2004)(not designated for publication). 

 In June 2004, applicant filed in the trial court his initial post-conviction application
for writ of habeas corpus. This Court denied applicant relief. Ex parte Green, No. WR-61,225-01 (Tex Crim. App. Mar. 23, 2005)(not designated for publication). Applicant filed
this his first subsequent application in the trial court on June 23, 2010. 

 Applicant asserts in his application that (1 & 2) he is incompetent to be executed, (3)
he is entitled to a hearing on his competency, (4) he is entitled to a stay of execution in order
to litigate the issue of his competency, and (5) because of his morbid obesity and mental
illness, lethal injection would be cruel and unusual in his case. After reviewing the
application, we file and set applicant's competency claims to determine whether such claims
are cognizable in a writ of habeas corpus under Texas Code of Criminal Procedure article
11.071, especially in light of the enactment of Article 46.05 in 1999 providing a procedure
by which a defendant can fully litigate such claims. Applicant's fifth allegation is dismissed. 
Because a stay of execution is granted in connection with the Article 46.05 review, this
motion for stay of execution is dismissed as moot.

 IT IS SO ORDERED THIS THE 30th DAY OF JUNE, 2010.


Do not publish